IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

08/04/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

|  |  |  |
|---|---|---|
| ENRIQUE MARTINEZ-MORALES, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 26-3187-JWL |
| | ) | |
| TODD BLANCHE, Acting Attorney General; | ) | |
| Secretary, Department of Homeland Security; | ) | |
| TODD LYONS, Acting Director, ICE; and | ) | |
| MISTY MACKEY, Warden, | ) | |
| Midwest Regional Reception Center, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies the petition**.[1]

Petitioner, a native of Mexico, entered the United States in 2010. In 2017, immigration officials initiated removal proceedings, and in January 2021, an immigration judge ordered petitioner's removal, denying an application for cancellation of removal. Petitioner appealed that order to the Board of Immigration Appeals (BIA), who set a briefing schedule in December 2021, and that appeal remains pending. In June 2024, petitioner was convicted of various offenses, and on November 13, 2025, immigration officials detained petitioner after his release from Kansas state custody. Petitioner remains

---

[1] In addition, petitioner's motion to proceed without payment of the filing fee (Doc. # 3) is hereby denied as moot, as petitioner did pay the fee.

detained in this judicial district. On June 22, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

As his sole claim, petitioner asserts that his detention pursuant to 8 U.S.C. § 1226(c) has become prolonged in violation of due process.[2]  That statute requires mandatory detention for certain aliens, including those deportable by reason of having committed certain criminal offenses.  *See id.*  Petitioner does not dispute that he has committed such an offense and is therefore subject to mandatory detention under Section 1226(c).

This Court has concluded that Supreme Court precedent does not preclude consideration of an as-applied due process challenge to detention under Section 1226(c) without a bond hearing.  *See, e.g.*, *Nguyen v. Carter*, 2026 WL 522650, at *2 (D. Kan. Feb. 25, 2026) (Lungstrum, J.).  In addressing such a challenge, the Court has considered the following six factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*See id.*

Petitioner argues for application of these factors in this case.  The Court concludes, however, that the factors, considered together, do not weigh in favor of petitioner and his

---

[2]  The petition also appears to include a claim under the Supreme Court's *Zadvydas* framework, but petitioner has confirmed in his traverse that his due process challenge to detention under Section 1226(c) is his only claim.

claim of a due process violation based on his detention without a bond hearing. Petitioner has been detained for only eight months. While it is unknown when petitioner's appeal will be resolved, the BIA has been informed that petitioner is now detained, which notice should expedite the appeal. Petitioner has not shown that the present conditions of his confinement are atypical or particularly harsh. Petitioner has not shown that the Government engaged in misconduct or acted in bad faith to delay the removal proceedings. Finally, it is very likely that petitioner's removal proceedings will ultimately result in an order of removal, as petitioner has not disputed respondents' argument that petitioner is now ineligible for the relief that he seeks (cancellation of removal) because of his criminal convictions. As a whole, these factors do not weigh against the Government as much as they did in *Nguyen*, in which the Court granted relief, as in that case the petitioner had been detained for nearly 21 months and had prevailed before the immigration judge, with the Government taking the appeal to the BIA. *See id.* at *2-3. Rather, the case presents circumstances similar to those in *Soto Vilchez v. Blanche*, 2026 WL 1978620 (D. Kan. July 9, 2026) (Lungstrum, J.), in which the Court denied relief despite detention lasting more than 19 months. *See id.* at *3.

Considering the relevant factors as discussed above, the Court finds that petitioner's detention without a bond hearing has not yet become unreasonable and is still supported by a purpose to effect removal. The Court therefore concludes that petitioner has not shown

a violation of due process with respect to his detention, and accordingly, it denies the petition.[3]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without payment of the filing fee (Doc. # 3) is hereby **denied as moot**.

IT IS SO ORDERED.

Dated this 4th day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[3]  Of course, if the appeal to the BIA drags on for an unreasonable period of time or if other circumstances change to alter the consideration of the applicable factors, petitioner would be free to file a new petition seeking a bond hearing.